By the Court.
On behalf of the city of Toledo it is contended that this property is exempt from taxation under the eighth subdivision of section 2732 of the Revised- Statutes, as amended March 13, 1891 (88 O. L. 96), which provides for the exemption of:
“All market houses, public squares, or other public grounds, town or township houses or halls *421 used exclusively for public purposes and all works, machinery, pipe lines and fixtures belonging to any town and used exclusively for conveying water to said town, or for heating or lighting the same.”
In support of the judgment of the circuit court it is said that the property is not within the terms of this exemption, and, if it were, the provisions of the statute relating to the exemption must receive such construction as. will make it harmonious with section 2, article 12, of the constitution, which ordains that “Laws shall be passed taxing by a uniform rule all moneys, * * * and also all real and personal property according to its true value in money; but burying grounds, public school houses, houses used exclusively for public worship, institutions of purely public charity, public property used exchosively for cony public purpose, and personal property to an amount hot exceeding in value two hundred dollars for each individual, may by general laws be exempted from taxation.”
The constitutional restriction upon the power to exempt pi'operty from taxation requires that the exempted property must be used exclusively for a public purpose. That the property in question is so used, is determined in State ex rel. v. Toledo, 48 Ohio St., 112. In that case the validity of the act under whose favor the city of Toledo acquired this property was challenged upon the ground that it was an attempt to authorize the city to tax its citizens for a purpose which, in part at least, was not public. The facts found in this case show that the property is used for the purposes contemplated in the act whose validity was there sustained.

Judgment of the circuit court reversed and judgment for plaintiff in error.